IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GILBERTO DeLEON BALDERAS, #13481-025, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 20-cv-00516-JPG ) |
| DEBORAH HALE and PHILLIP McLAURAN, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Gilberto DeLeon Balderas, an inmate in the custody of the Federal Bureau of Prisons and currently incarcerated in the United States Penitentiary in Beaumont, Texas, brings this action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims he was served rotten food during his detention at St. Clair County Jail.[1] (Doc. 1). When he filed grievances to address the issue, Major McLauran attempted to silence him by disposing of the grievances, and Nurse Hale withheld his prescription medications. (*Id*. at 1-34). As a result, Plaintiff suffered "diabetic distress" and severe pain. (*Id*.). He brings claims against the defendants for violations of his constitutional rights and the Americans with Disabilities Act ("ADA"). (*Id*. at 5). He seeks money damages. (*Id*. at 6).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to

---

[1] Plaintiff does not indicate whether he was a pretrial detainee or convicted inmate while at the Jail.

state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-34): Plaintiff is a diabetic. During his detention at St. Clair County Jail ("Jail"), he was prescribed a special diet that included diabetic meals and snack bags. (*Id*. at 3-4). Nurse Hale routinely provided meals and snacks that consisted of rotten meat, moldy bread, and sour milk. (*Id*. at 2). The food caused severe stomach problems, including cramping and diarrhea. (*Id*.). When Plaintiff complained, Nurse Hale deliberately withheld his prescription medications. (*Id*.). At the time, he also suffered a broken collarbone and shattered knee, so Nurse Hale's discontinuation of his medications caused him to suffer severe pain as well as diabetic "distress." (*Id*. at 4). When Plaintiff used the grievance process to address the matter, Major McLauran provided him with erroneous information about the Jail's grievance procedures. (*Id*.). Major McLauran eventually told Plaintiff to stop filing grievances and ordered his officers to throw them away. (*Id*.). Plaintiff brings claims against the defendants for violations of his constitutional rights and the Americans with Disabilities Act. (*Id*. at 5).

Based on the allegations summarized herein, the Court designates the following counts in the *pro se* Complaint:

> **Count 1 -**  Eighth and/or Fourteenth Amendment claim against Nurse Hale for feeding Plaintiff rotten diabetic meals and snacks that caused him to become ill.
>
> **Count 2** -  Eighth and/or Fourteenth Amendment claim against Nurse Hale for withholding Plaintiff's prescription medication and causing him to suffer unnecessary pain and diabetic distress.

>   **Count 3 -**   First Amendment claim against Nurse Hale for retaliating against Plaintiff for filing grievances to complain about his rotten diabetic meals and snack bags by withholding his prescription medication.
>
>   **Count 4** -   Fourteenth Amendment claim against Major McLauran for mishandling Plaintiff's grievances about his rotten diabetic meals and snack bags.
>
>   **Count 5 -**   ADA, Fourth Amendment, Sixth Amendment, Fourteenth Amendment equal protection, and Sixteenth Amendment claims against Nurse Hale and Major McLauran.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

### Counts 1 and 2

The applicable legal standard for Counts 1 and 2 depends on Plaintiff's status as a convicted person or a pretrial detainee when his claims arose at the Jail. The Eighth Amendment deliberate indifference standard articulated in *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), is applicable if Plaintiff was a convicted prisoner during the relevant time period. *Estelle v. Gamble*, 429 U.S. 97 (1976). The Fourteenth Amendment objective unreasonableness standard articulated in *Miranda v. County f Lake*, 900 F.3d 335 (7th Cir. 2018), governs Plaintiff's claims, if he was a pretrial detainee. Either way, Counts 1 and 2 survive preliminary review under both standards. Accordingly, the Court need not resolve Plaintiff's legal status at this time, and Counts 1 and 2 are subject to further review against Nurse Hale.

### Count 3

A First Amendment retaliation claim requires a plaintiff to show that (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected speech, and (3) his protected speech was a motivating factor in the defendant's actions. *Antoine v. Ramos*, 497 Fed. Appx. 631, 634 (7th Cir. 2012); *Abrams v. Walker,* 307 F.3d 650, 654 (7th Cir. 2002).

The allegations articulate a retaliation claim against Nurse Hale, based on her decision to withhold Plaintiff's prescription medications after he complained about diabetic food. Count 3 is subject to further review.

**Count 4**

However, the Complaint states no claim against Major McLauran for mishandling Plaintiff's grievances. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Fourteenth Amendment Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Plaintiff's only allegations against Major McLauran pertain to his mishandling of Plaintiff's grievances and no other underlying misconduct. Accordingly, Count 4 cannot proceed against this defendant and shall be dismissed with prejudice.

**Count 5**

Plaintiff fails to set forth sufficient allegations in support of all other claims. He merely lists *potential* claims under the ADA, Fourth Amendment, Sixth Amendment, Fourteenth Amendment, and Sixteenth Amendment. However, he offers no reason why he mentioned any of these claims. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The allegations are insufficient to support any plausible claims in Count 5, and these claims shall be dismissed without prejudice.

**Statute of Limitations**

Counts 1, 2, and 3 shall receive further review against Nurse Hale. However, it is unclear how far these claims will go. Plaintiff has already pursued at least two of these claims in a case

that remains pending.  *See Balderas v. Debra, et al.*, Case No. 18-cv-1535-GCS (S.D. Ill.) (Counts 3 and 4).  It appears that Plaintiff filed this lawsuit to preserve Counts 3 and 4 in his prior suit, re-characterized as Counts 1 and 2 herein, due to uncertainty regarding his exhaustion of administrative remedies in the prior suit.

However, Counts 1, 2, and 3 may very well be time-barred here.  Plaintiff does not indicate *when* he was at the Jail in his statement of claim.  In the unsigned affidavit he included as an exhaustion to his Complaint, however, Plaintiff indicates that he was booked at the Jail on March 8, 2017 and remained there until August 11, 2017.  (Doc. 1, p. 29).  If so, his decision to file this suit more than two years later, on June 2, 2020, means that his claims may run afoul of the applicable statute of limitations.  *See O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (citing *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014); *Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("The limitations period for [Section] 1983 claims is based in state law, and the statute of limitations for [Section] 1983 actions in Illinois is two years.").  However, Plaintiff's statement of claim is silent on this issue, so the Court will leave the matter for another day.  At this early stage, Counts 1, 2, and 3 will proceed.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening.  **COUNTS 1, 2,** and **3** against Defendant **DEBORAH HALE** will receive further review.  However, **COUNT 4** against Defendant **PHILLIP McLAURAN** is **DISMISSED** with prejudice, and **COUNT 5** against **BOTH DEFENDANTS** is **DISMISSED** without prejudice, all for failure to state a claim for relief.  **Because this suit addresses one or more medical claims, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that as to **COUNTS 1, 2,** and **3**, the Clerk of Court shall prepare for Defendant **DEBORAH HALE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 8/14/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### **Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendant will enter her appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more.  The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions.  Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.