IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GILBERTO DELEON BALDERAS,    )
                             )
        Plaintiff,           )
                             )
        v.                   )        Case No.   20-cv-516-RJD
                             )
DEBORAH HALE,                )
                             )
        Defendant.           )

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Defendant Deborah Hale's Motion to Dismiss (Doc. 31).   For the reasons set forth below, the Motion is **GRANTED**.

## Background

Plaintiff Gilberto DeLeon Balderas, an inmate in the custody of the Federal Bureau of Prisons ("BOP"), filed this lawsuit pursuant to 42 U.S.C § 1983 alleging his constitutional rights were violated while he was detained at the St. Clair County Jail ("the Jail").   In his complaint, Plaintiff alleges he was served rotten food at the Jail, and when he attempted to file grievances regarding the issue, his grievances were disposed of and his prescription medications were withheld.   Plaintiff's complaint was screened under 28 U.S.C. § 1915A and he is proceeding on the following claims:

> Count One:    Eighth and/or Fourteenth Amendment claim against Nurse Hale for feeding Plaintiff rotten diabetic meals and snacks that caused him to become ill.
>
> Count Two:    Eighth and/or Fourteenth Amendment claim against Nurse Hale for withholding Plaintiff's prescription medication and causing him to suffer unnecessary pain and diabetic distress.

> Count Three:  First Amendment claim against Nurse Hale for retaliating against Plaintiff for filing grievances to complain about his rotten diabetic meals and snack bags by withholding his prescription medication.

In the screening order, the Court noted that Counts 1, 2, and 3 may well be time-barred, but Plaintiff was allowed to proceed because it was unclear when he was at the Jail.  The Court remarked that Plaintiff indicated he was at the Jail from March 8, 2017 until August 11, 2017, and, if these dates were accurate, his Complaint may run afoul of the applicable statute of limitations.

Following the entry of the Court's screening order, Defendant Hale moved for a more definite statement as to when the allegations against Hale purportedly occurred (Doc. 25).  The Court granted the motion, and Plaintiff filed a response indicating that the events at issue took place "the year 2017 of the months … of June, July, and until the first week of August" (Doc. 30).

Defendant Hale filed the motion now before the Court seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  Hale asserts Plaintiff's claims are barred by the applicable two-year statute of limitations as his claims in this matter occurred from June to August 2017, but Plaintiff did not file suit until June 2, 2020.   Defendant further argues Plaintiff's claims are not saved by tolling of the statute of limitations for exhaustion of administrative remedies because Magistrate Judge Sison has already determined Plaintiff failed to exhaust his administrative remedies against Hale in a previously-filed suit, *Balderas v. Debra, et al.*, 18-cv-1535-GCS[1].

Plaintiff did not file a response to Defendant's motion.

## **Discussion**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal if a complaint

---

[1]  In the Court's screening order, the Court remarked that Plaintiff had already pursued Counts 1 and 2 in this case in an earlier-filed action, *Balderas v. Debra, et al.*, 18-cv-1535-GCS, and noted it appeared Plaintiff did so due to uncertainty regarding his exhaustion of administrative remedies in the prior suit (*see* Doc. 17 at 4-5).

fails to state a claim upon which relief can be granted.   In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff.   *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted).   A motion to dismiss on the basis of a statute of limitations defense may be appropriate if there is a clear time-bar.   *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012).

Although Section 1983 does not contain an express statute of limitations, it is well established in this Circuit that the limitations and tolling laws in the state where the alleged injury occurred are applied.   *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992).   Illinois law prescribes that actions for personal injury must be commenced within two years after the cause of action accrued; thus, this case is governed by a two-year statute of limitations period.   735 ILCS § 5/13-202; *see Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) (citations omitted).

Plaintiff's claims in this case accrued, at the latest, in August 2017 while he was detained at the St. Clair County Jail.   It is undisputed that he did not file this action until June 2, 2020, more than two years after his claims accrued.   This is clearly beyond the prescribed statutory period. However, pursuant to 735 ILCS 5/13-216, "[w]hen the commencement of an action is stayed by … *statutory prohibition*, the time of the continuance of the … prohibition is not part of the time limited for the commencement of the action" (emphasis added).   Because the Prison Litigation Reform Act ("PLRA") requires inmates to exhaust administrative remedies prior to filing suit under § 1983, the Seventh Circuit Court of Appeals has held that a federal court relying on the Illinois statute of limitations in §1983 cases *must* toll the limitations period while a prisoner completes the administrative grievance process.   *See* 42 U.S.C. § 1997(e)(a); *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001).   Thus, while the Court must consider whether Plaintiff's

efforts to exhaust, if any, toll the statutory period, in this instance, it is clear they do not. Significantly, Plaintiff's claims in this lawsuit occurred while he was at the St. Clair County Jail. Plaintiff stated in his response for a more definite statement that he was moved to another county jail on August 11, 2017 (Doc. 30 at 2).   Thus, even if the Court finds that Plaintiff made attempts to exhaust his administrative remedies, his transfer from the St. Clair County Jail to another county jail stopped any tolling for grievance filing for claims that occurred at the St. Clair County Jail. Simply put, once Plaintiff was moved from the St. Clair County Jail in August 2017, he clearly was not going to receive any further action in response to any grievances he may have filed and, as such, the two-year statute of limitations period began to run.   *See Merritte v. Lasalle Cty. Sheriff's Office*, No. 14-C-7058, 2015 WL 8986857, at 7 (N.D. Ill. Dec. 16, 2015).   Based on this timeline, Plaintiff had to file his complaint by August 11, 2019 in order to comply with the statute of limitations.   As mentioned above, Plaintiff did not file his complaint until June 2, 2020, after the statutory period expired.

## Conclusion

Based on the foregoing, Defendant Deborah Hale's Motion to Dismiss (Doc. 31) is **GRANTED**. This matter is **DIMISSED WITH PREJUDICE**.   The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

**DATED: March 15, 2021**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**